IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TERRY D. SMITH, TIMMY C. FUCHS, ) <br> DARWIN D. MOORE, ) <br> RONALD L. WALLS, MICHAEL O. TOCI, ) <br> SHAWN E. DENT and ) <br> other similarly situated individuals, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> BNSF RAILWAY COMPANY and ) <br> UNITED TRANSPORTATION UNION, ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION <br><br> No. 06-2534-CM |

## MEMORANDUM AND ORDER

Plaintiffs, employees of defendant BNSF Railway Company ("BNSF"), bring this putative collective action against defendants for violations of the Fair Labor Standards Act ("FLSA"). Plaintiffs also seek a declaratory judgment. This matter is before the court on Plaintiffs' Motion for Partial Summary Judgment or, In the Alternative, Motion for Declaratory Judgment (Doc. 19).

**I.     Factual Background**[1]

On June 17, 2002, defendant BNSF and defendant United Transportation Union ("UTU") entered into an agreement regarding "familiarization trips"[2] that BNSF requires for trainmen who

---

[1] The court construes the facts in the light most favorable to the non-moving party pursuant to Fed. R. Civ. P. 56. The court has combined the facts proposed by both parties, and included only those that are relevant, material, and properly supported by the record.

[2] "Familiarization" is the process where trainmen make runs with crews currently working out of a terminal to become familiar with the different conditions of each run or job.

transfer from one Grand Seniority District[3] to another. The agreement provides that

> employees exercising seniority within a Grand Seniority District would be entitled to brakeman's wages when required to make familiarization trips, but employees exercising seniority into a Grand Seniority District, or from one Grand Seniority District to another Grand Seniority District would not be entitled to such compensation for making familiarization trips.

(Pls.' Memo., Ex. 3 at 1). Plaintiffs seek summary judgment or a declaratory judgment on the sole issue of the validity of the 2002 Agreement.

## II.     Standards for Judgment

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## III.    Discussion

Plaintiffs argue that the 2002 Agreement is void or unenforceable under the FLSA as a matter of law because it waives plaintiffs' rights to compensation for work performed in service of their employer. Plaintiffs argue that familiarization is compensable under the FLSA because it is not training. Under 29 C.F.R. § 785.27, training programs are not counted as working time if the following criteria are met:

(a)     Attendance is outside of the employee's regular working hours;

---

[3] A Grand Seniority District is a geographic area that once defined where a trainman could work. There are various Grand Seniority Districts, including the Northern, Southern, Eastern, Western, and Coastline Districts.

      (b)      Attendance is in fact voluntary;
      (c)      The course, lecture, or meeting is not directly related to the employee's job; and
      (d)      The employee does not perform any productive work during such attendance.

The 2002 Agreement specifically relates to required familiarization trips: "regarding the payment of brakeman wages to employees required to make familiarization trips" and the employee "would be required to become familiarized and qualified without any additional compensation." (Pls.' Memo., Ex. 3 at p. 1). Because the familiarization trips are involuntary, they do not meet the requirements of 29 C.F.R. § 785.27. But plaintiffs' burden is not just to show that familiarization trips do not qualify as "training." Rather plaintiffs must show, as a matter of law, that familiarization under the 2002 Agreement is compensable work or a violation of the FLSA.

Based on the record before it, the court cannot find that the 2002 Agreement is invalid as a matter of law. Plaintiffs' motion is denied without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Partial Summary Judgment or, In the Alternative, Motion for Declaratory Judgment (Doc. 19) is denied without prejudice.

Dated this 20th day of August, 2007, at Kansas City, Kansas.

                                                  **s/ Carlos Murguia**
                                                  **CARLOS MURGUIA**
                                                  **United States District Judge**