IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TERRY D. SMITH, TIMMY C. FUCHS, ) <br> DARWIN D. MOORE, ) <br> RONALD L. WALLS, MICHAEL O. TOCI, ) <br> SHAWN E. DENT and ) <br> other similarly situated individuals, ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> v. ) <br>  ) <br>  ) <br> BNSF RAILWAY COMPANY and ) <br> UNITED TRANSPORTATION UNION, ) <br>  ) <br> Defendants. ) <br>  ) | CIVIL ACTION <br><br> No. 06-2534-CM |

**MEMORANDUM AND ORDER**

This matter is before the court on defendant BNSF Railway Company's ("BNSF") Motion to Dismiss Plaintiffs' Civil-Conspiracy Cause of Action for Lack of Jurisdiction and Failure to State a Claim[1] (Doc. 5) and Defendant United Transportation Union's ("UTU") Motion to Dismiss (Doc. 27).[2]

**I.    Factual Background**

Plaintiffs, employees of defendant BNSF, bring this putative collective action, alleging that defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay plaintiffs for hours

---

[1] BNSF filed a similar motion in *Smith v. Burlington Northern Santa Fe Railway Company*, Case No. 06-CV-2151-CM ("*Smith I*"), Docket No. 6. The parties incorporate their briefs and arguments filed in *Smith I*. The court has reviewed the briefs filed in *Smith I* and the briefs filed in this action.

[2] Defendant UTU joins defendant BNSF's motion to dismiss.

they worked while performing "familiarization trips"[3] that BNSF requires for trainmen who transfer from one Grand Seniority District[4] to another. Plaintiffs also claim that defendants BNSF and UTU conspired to deprive plaintiffs of wages due under the FLSA by entering into an agreement regarding the familiarization trips, ("2002 Agreement"). The agreement provides that

> employees exercising seniority within a Grand Seniority District would be entitled to brakeman's wages when required to make familiarization trips, but employees exercising seniority into a Grand Seniority District, or from one Grand Seniority District to another Grand Seniority District would not be entitled to such compensation for making familiarization trips.

(Pls.' Compl. at ¶ 47.) Plaintiffs also seek a declaratory judgement regarding the validity of the 2002 Agreement.

Defendants move to dismiss plaintiffs' civil-conspiracy claim pursuant to the Federal Rules of Civil Procedure, specifically Rule 12(b)(1) for lack of jurisdiction and Rule 12(b)(6) for failure to state a claim.

## II. Legal Standard

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so. *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994). A court lacking jurisdiction must dismiss the case at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking. *Scheideman v. Shawnee County Bd. of County Comm'rs*, 895 F. Supp. 279, 280 (D. Kan. 1995) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th

---

[3] "Familiarization" is the process where trainmen make runs with crews currently working out of a terminal to become familiar with the different conditions of each run or job.

[4] A Grand Seniority District is a geographic area that once defined where a trainman could work. There are various Grand Seniority Districts, including the Northern, Southern, Eastern, Western, and Coastline Districts.

Cir. 1974); Fed. R. Civ. P. 12(h)(3)). "Since federal courts are courts of limited jurisdiction, there is a presumption against federal jurisdiction." *Id.* As the parties seeking to invoke federal jurisdiction, plaintiffs bear the burden of establishing that such jurisdiction is proper. *Basso*, 495 F.2d at 909.

### III. Discussion

Defendants argue that the court lacks subject matter jurisdiction over plaintiffs' civil-conspiracy claim because the claim is preempted by the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq*. "The RLA establishes an arbitral remedy for the resolution of 'disputes between an employee . . . and a carrier . . . growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions.'" *Fry v. Airline Pilots Ass'n, Int'l*, 88 F.3d 831, 836 (10th Cir. 1996) (quoting 45 U.S.C. §§ 153 First (i) & 184). The National Railroad Adjustment Board has exclusive jurisdiction over "minor" disputes under the RLA. *Ertle v. Cont'l Airlines, Inc.*, 136 F.3d 690, 693 (10th Cir. 1998).

"The threshold question in determining whether a state law claim is a 'minor dispute' preempted under the RLA is whether resolution of the claim requires interpretation or application of a [collective bargaining agreement ("CBA")]." *Id.* (citing *Fry*, 88 F.3d at 836). A CBA is broader than its explicit language. It includes industry standards and the parties' implicit practices and procedures. *Fry*, 88 F.3d at 836. The RLA preempts claims when the dispute "is inextricably intertwined with consideration of the terms of the labor contract" or implicates "practices, procedures, implied authority, or codes of conduct that are part of the working relationship." *Id.* (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985)); *Ertle*, 136 F.3d at 693. A claim is not preempted, however, if resolution of the claim requires only mere reference to the CBA. *Ertle*, 136 F.3d at 693.

The parties agree that the 2002 Agreement is part of the CBA. Thus, to determine whether

-3-

the RLA preempts plaintiffs' claim, the court must determine whether resolution of plaintiffs' civil-conspiracy claim requires interpretation or application of the 2002 Agreement. To prevail on their civil-conspiracy claim, plaintiffs must establish that defendants, by some concerted action, intended to accomplish an unlawful objective for the purpose of harming plaintiffs and that plaintiffs were damaged as a result of defendants' acts. *Hilton Hotels Corp. v. Butch Lewis Prods.*, 862 P.2d 1207, 1210 (Nev. 1993) ("actionable conspiracy consists of a combination of two or more persons who, by some concerted action, intend to accomplish an unlawful objective for the purpose of harming another, and damage results from the act or acts."). Plaintiffs' complaint alleges that by entering into the 2002 Agreement, defendants conspired to "deprive trainmen transferring from one Grand Seniority District to another . . . [of] the right to receive compensation under 29 U.S.C. § 206." (Pls.' Compl. at ¶ 77.)

Defendants argue that plaintiffs' claim is inextricably intertwined with the 2002 Agreement because plaintiffs expressly pleaded the agreement as an indispensable element of the civil-conspiracy claim. Defendants further argue that the court must interpret the meaning of "familiarization trips" in the 2002 Agreement. Plaintiffs argue that no interpretation of the 2002 Agreement is needed because the agreement is unambiguous on its face.

After reviewing the record, the court finds that the 2002 Agreement is inextricably intertwined with plaintiffs' civil-conspiracy claim. Plaintiffs' complaint alleges that the written agreement is the unlawful purpose of the alleged conspiracy. Thus, the claim directly implicates the 2002 Agreement and cannot be decided independent of the agreement. The court must look to the 2002 Agreement to determine whether defendants entered into an agreement for an unlawful purpose. Additionally, the court must interpret the meaning of the 2002 Agreement, specifically the term "familiarization trips," to resolve plaintiffs' claim. The parties dispute the meaning of

"familiarization trips." Plaintiffs argue that familiarization trips are trips on which trainmen perform compensable work; defendant BNSF argues that familiarization trips are trips in which little to no work is performed. Whether the parties intended familiarization trips to includes trips in which plaintiffs performed compensable work is critical to plaintiffs' civil-conspiracy claim. The court cannot resolve plaintiffs' civil-conspiracy claim without interpreting the 2002 Agreement. The court, therefore, finds that the claim is preempted by the RLA, and the court lacks jurisdiction over the claim. Defendants' motions to dismiss are granted. Plaintiffs' civil-conspiracy claim is dismissed.[5]

**IT IS THEREFORE ORDERED** that defendant BNSF's Motion to Dismiss Plaintiffs' Civil-Conspiracy Cause of Action for Lack of Jurisdiction and Failure to State a Claim (Doc. 5) is granted.

**IT IS FURTHER ORDERED** that Defendant United Transportation Union's Motion to Dismiss (Doc. 27) is granted.

Dated this 20th day of August 2007, at Kansas City, Kansas.

           **s/ Carlos Murguia**
           **CARLOS MURGUIA**
           **United States District Judge**

---

[5] Defendants contend that the civil-conspiracy is the only claim against UTU, but plaintiffs have pleaded their declaratory judgment action against both defendants. Thus, UTU remains a party to this action.