IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TERRY D. SMITH, TIMMY C. FUCHS,** )<br>**DARWIN D. MOORE,** )<br>**RONALD L. WALLS, MICHAEL O. TOCI,** )<br>**SHAWN E. DENT and** )<br>**other similarly situated individuals,** )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>)<br>**BNSF RAILWAY COMPANY and** )<br>**UNITED TRANSPORTATION UNION,** )<br>)<br>**Defendants.** )<br>                                                           ) | CIVIL ACTION<br><br>No. 06-2534-CM |

**ORDER**

Plaintiffs, employees of defendant BNSF Railway Company ("BNSF"), bring this putative collective action, alleging that defendant BNSF violated the Fair Labor Standards Act ("FLSA") and seeking a declaratory judgment that an agreement between defendant BNSF and defendant United Transportation Union ("Defendant UTU") is invalid. This matter is currently before the court because the parties cannot agree upon a proposed notice for the collective action.

Plaintiffs filed a proposed Notice of Pendency of Collective Action Lawsuit (Doc. 51). Defendant BSNF makes the following objections to plaintiffs' proposed notice and has filed its own proposed notice (Doc. 54). The court will issue its rulings using plaintiffs' notice as a starting point. *See Heitmann v. City of Chicago*, No. 04-C-3304, 2004 WL 1718420, at *3 (N.D. Ill. July 30, 2004) ("The Court has both the power and the duty to ensure that the notice is fair and accurate, [but] that power should not be used to alter *plaintiffs' proposed notice* unless such alteration is necessary." The court's concern at this stage is that the notice accurately and fairly conveys all the necessary

information. *Id.*

**1. The Class**

Defendant objects to the first paragraph of plaintiffs' proposed notice, alleging that former and current brakemen and conductors can join the lawsuit only if they have performed a familiarization trip since December 5, 2003. Plaintiffs seem to agree—"The 'class' is not limited to the three years from December 5, 2003 to December 5, 2006. Potential collective members, i.e., future opt-in plaintiffs, are currently being required to undergo unpaid familiarization, so <u>all</u> BNSF employees, either brakemen or conductors who have undergone unpaid familiarization since December 5, 2006 are, also, potential opt-in plaintiffs." (Doc. 44, Pls.' Resp. to Def.'s Obj. at 2). After reviewing the record, the court believes that the following language or similar language would more clearly explain plaintiffs' class: All current and former employees who worked for BNSF as a brakeman or conductor and who performed unpaid familiarization any time since December 5, 2003.

**2. Description of the Lawsuit**

Defendant BNSF objects to the entire first paragraph of the "Description of Lawsuit" section as superfluous. Plaintiffs argue that the paragraph is informative of the collective action. The court agrees with plaintiff and finds that the language is appropriate, as it informs potential opt in plaintiffs of the nature of the claims.

**3.  Damages**

Defendant BSNF objects to the second paragraph of the "Description of Lawsuit" section, arguing that is misleading and inflammatory. Without citing authority for its proposition, defendant BNSF contends that the notice must set out the specific damages that plaintiffs may recover. It further argues that the FLSA limits plaintiffs' damages to minimum wage and an equal amount of

-2-

liquidated damages. The court need not consider plaintiffs' damages at this time. *See McQuay v. Am. Int'l Group, Inc.*, No. 4:01CV00661 WRW, 2002 WL 31475212, at *1 (E.D. Ark. 2002) (holding that the court does not consider the merits of the case at this stage of the proceedings). The court will consider defendant BSNF's argument limiting plaintiffs' recovery at the appropriate time. For purposes of the notice, the court finds that the language proposed by plaintiffs adequately describes the damages plaintiffs seek. The court does, however, find the use of "willful" to be inflammatory and finds it should be removed.

**4.  Identity of Defendants**

Defendant BSNF objects to the term "Defendants" because it is not specific. The court finds that defendants shall be referred to by name throughout the notice.

**5.  Who Can be a Plaintiff**

Defendant BNSF objects to the "Who Can be a Plaintiff" section, arguing that the phrase "seek to represent" would confuse putative plaintiffs and prejudice defendant BNSF by improperly suggesting that this suit is a class action under Rule 23.8. Plaintiffs do not respond to defendant BNSF's objection. The court finds that the following language or similar language would accurately reflect who can be a plaintiff:  Plaintiffs are former and current employees of BNSF who worked as trainmen, i.e., brakemen and/or conductors, and who performed unpaid familiarization from December 5, 2003 to the present.

**6.  Plaintiffs' Potential Obligations**

Defendant BNSF objects to the "Effect of Joining this Suit" section, arguing that the notice should inform putative plaintiffs who opt in that they may have to appear for deposition or trial in Kansas City, Kansas. Originally, plaintiffs were willing to compromise and suggested the following language: "If you choose to join in the suit, you may be asked to 1) appear for a deposition where

-3-

you live or in Kansas City, Kansas; 2) respond to written requests for information about your employment with BNSF; and/or 3) appear or testify at trial in Kansas City, Kansas." (Doc. 44, Pls.' Resp. to Def.'s Obj. n.2). At this stage of the proceeding, it is unknown whether potential plaintiffs will be able to appear for deposition where they live or whether they will be required to travel to Kansas City, Kansas. It is also unknown whether opt in plaintiffs will have to appear for trial in Kansas City, Kansas. Thus, the plaintiffs' suggested language above more accurately reflects the effect the lawsuit may have on a potential plaintiff and is approved. *See, e.g., Reab v Elec. Arts, Inc.*, 214 F.R.D. 623, 630 (D. Colo. 2002).

**7.     Contingent Fee Arrangement**

Defendant BNSF objects to the reference to a contingent fee arrangement as superfluous and misleading. Plaintiffs rely on the approved notice in *Reab* to support their proposed language. But the language in the *Reab* notice did not suggest that plaintiffs were going to receive their attorneys' fees and cost from the defendant as it does here. *Reab*, 214 F.R.D. 623, attach. The court finds that the following language is more appropriate: The attorneys for the plaintiffs are being paid on a contingency fee basis, which means that if there is no recovery there will be no attorneys' fee. If plaintiffs prevail in this lawsuit, the attorneys for the plaintiffs will request that the court approve the amount of attorneys' fees and costs they are entitled to receive for their services.

Defendant BNSF's objections are granted in part and overruled in part. Plaintiffs shall amend the proposed notice as described herein and shall submit an amended notice to the court for final approval no later than June 27, 2008.

**IT IS THEREFORE ORDERED** that defendant BNSF's objections (Doc. 54) are granted in part and overruled in part.

**IT IS FURTHER ORDERED** that plaintiffs shall amend the proposed notice as described

-5-

herein and shall submit an amended notice to the Court for final approval no later than June 27, 2008.

Dated this 19th day of June 2008, at Kansas City, Kansas.

                                        **s/ Carlos Murguia**
                                        **CARLOS MURGUIA**
                                        **United States District Judge**