IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERRY D. SMITH, TIMMY C. FUCHS, )
DARWIN D. MOORE, )
RONALD L. WALLS, MICHAEL O. TOCI, )
SHAWN E. DENT and )
other similarly situated individuals, )
 )
               **Plaintiffs,** )
 )      CIVIL ACTION
v. )
 )      No. 06-2534-CM
 )
BNSF RAILWAY COMPANY and )
UNITED TRANSPORTATION UNION, )
 )
               **Defendants.** )
 )

## MEMORANDUM AND ORDER

Plaintiffs, employees of defendant BNSF Railway Company ("BNSF"), bring this putative collective action, alleging that defendant BNSF violated the Fair Labor Standards Act ("FLSA") and that defendant BNSF and defendant United Transportation Union ("defendant UTU") conspired to deprive plaintiffs of wages due under the FLSA by entering into an agreement regarding familiarization trips ("2002 Agreement"). Plaintiffs also seek a declaratory judgment regarding the validity of the 2002 Agreement. This matter is currently before the court on Plaintiffs' Motion for Reconsideration with Memorandum of Law (Doc. 52).

Plaintiffs request that the court reconsider (1) its August 20, 2007 order granting defendants' motions to dismiss plaintiffs' civil conspiracy claim (Doc. 49) and (2) its August 20, 2007 order denying plaintiffs' motion for partial summary or declaratory judgment (Doc. 48).[1]

---

[1] The relevant factual background is set forth in the court's previous memorandum and
(continued...)

## I. Legal Standard

Plaintiffs filed their motion pursuant to D. Kan Rule 7.3(b)(3),[2] which governs motions to reconsider non-dispositive orders. But the orders plaintiffs seek to have reconsidered are dispositive, making D. Kan. Rule 7.3(b)(3) inapplicable. As set forth in D. Kan. Rule 7.3(a), "[m]otions seeking reconsideration of dispositive orders or judgments must be filed pursuant to Fed. R. Civ. P. 59(e) or 60." Motions for reconsideration "filed within ten days of the district court's entry of judgment . . . [are] treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e)." *Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995). Motions filed outside the ten-day time period set for Rule 59(e) motions are examined under Rule 60(b). *United States v. Emmons*, 107 F.3d 762, 764 (10th Cir. 1997). Because plaintiffs' motion was filed within ten business days after the entry of the court's orders, the court considers plaintiffs' motion under Rule 59(e).[3]

The grounds justifying an alteration, amendment, or reconsideration are essentially the same: (1) a change in law; (2) new evidence; and/or (3) the necessity of correcting clear error or preventing manifest injustice. *See* D. Kan. R. 7.3(b) (listing factors for reconsideration); *Servants of*

---

[1] (...continued)
orders and need not be repeated here.

[2] Plaintiff cites D. Kan Rule 7.3(3). Because there is no D. Kan. Rule 7.3(3) the court presumes plaintiffs are relying on D. Kan. Rule 7.3(b)(3).

[3] Defendant UTU argues that Fed. R. Civ. P. 59(e) cannot apply because plaintiffs filed their motion more than 10 days after the court's orders. Defendants are correct that a motion pursuant to Rule 59(e) must be made within 10 days of the court's order; however, under the Federal Rules of Civil Procedure, plaintiffs' motion was timely filed. Plaintiffs filed their motion to reconsider on September 4, 2007, exactly 10 business days after the court's August 20, 2007 orders. *See* Fed. R. Civ. P. 6(a)(2).

*the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (listing Rule 59(e) factors); *Priddy v. Massanari*, 2001 WL 1155268, at *2 (D. Kan. Sept. 28, 2001) (observing that the factors for reconsideration and Rule 59(e) are the same).  "Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination."  *Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) (citations omitted).

**II.     Analysis**

       ***1.     Defendants' Motions to Dismiss***

Plaintiffs argue that reconsideration is necessary because there is new evidence and, in the alternative, that the court must correct clear error or prevent manifest injustice.

       **a.     New Evidence**

In its Memorandum and Order dismissing plaintiffs' civil conspiracy claim, the court dismissed the claim because the claim required interpretation of the collective bargaining agreement. Plaintiffs allege that they have new evidence that defendant BNSF is requiring trainmen to undergo unpaid familiarization at terminals where there is no collective bargaining agreement in place.  The new evidence relates to enforcement of the February 22, 2005 communique.  The communique states that employees working under UTU agreements at former Burlington Northern locations have no agreement requiring that they be paid for familiarization.  Although plaintiffs had notice of this communique in early 2005, they did not know it was enforced until July 2007, when plaintiff Darwin Moore was required to undergo unpaid familiarization at a terminal with no collective bargaining agreement.  They argue that the civil conspiracy claim is not preempted by the Railway Labor Act because there is no collective bargaining agreement at these terminals.

As alleged in the complaint, plaintiffs' civil conspiracy claim relies on the 2002 Agreement. Thus, a claim for civil conspiracy based on something other than the 2002 Agreement is not within the civil conspiracy claim alleged in the complaint.[4]  Plaintiffs fail to explain how the new evidence relates to the 2002 Agreement and, in fact, appear to suggest that the new evidence is unrelated to the 2002 Agreement.  Accordingly, the new information is immaterial to the court's previous order dismissing the civil conspiracy claim because the claim was based on the 2002 Agreement.

### b.  **Clear Error**

In the alternative, plaintiffs contend that the court's order is in clear error because it presupposes that the 2002 Agreement is valid and does not run afoul of federal or state law. Plaintiffs are incorrect.  The court held that it would have to look to and interpret the terms of the 2002 Agreement in order to determine whether defendants entered an agreement for an unlawful purpose; specifically, the court found that it would have to interpret the term "familiarization trips." The court did not determine the validity of the agreement.  Relying on the arguments presented in its prior briefing, plaintiffs reassert that an arbitrator cannot determine the validity of the agreement because he or she cannot determine questions of public policy and is bound by the terms of the collective bargaining agreement.  But that is not the question before the court.  The court must determine whether it has jurisdiction, not the extent of the arbitrator's authority.

The court has jurisdiction when claims can be resolved without interpreting the collective bargaining agreement. *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 262–63 (1994) (holding state-law tort claims were not preempted because there were no issues requiring interpretation of the collective bargaining agreement); *Ertle v. Cont'l Airlines, Inc.*, 136 F.3d 690, 693 (10th Cir. 1998)

---

[4] If plaintiffs wish to amend their civil conspiracy claim, they should seek leave to amend, if it is proper to do so at this stage of the proceeding.

("[W]here resolution of a state law claim requires a pure factual inquiry that does not turn on the meaning of any provision in the collective bargaining agreement, the claim is not preempted by the RLA."). The court does not have jurisdiction to determine issues that are intertwined with interpretation of the collective bargaining agreement. *Fry v. Airline Pilots Ass'n, Int'l*, 88 F.3d 831, 836 (10th Cir. 1996) (recognizing that the RLA preempts claims when the dispute "is inextricably intertwined with consideration of the terms of the labor contract" or implicates "practices, procedures, implied authority, or codes of conduct that are part of the working relationship."); *Ertle*, 136 F.3d 690 at 693 (affirming dismissal of the plaintiffs' breach of contract claims because resolution of the claims was inextricably intertwined with the plaintiffs' agreement under the collective bargaining agreement). Plaintiffs are correct, "the question of public policy is ultimately one for resolution by the courts," *W.R. Grace & Co. v. Local Union 759, Intern. Union of United Rubber, Cork, Linoleum & Plastic Workers of America*, 461 U.S. 757 (1983), but the court must have jurisdiction before it can consider the issue. Here, the court does not have jurisdiction because the validity of the 2002 Agreement can only be determined by interpreting the terms of the collective bargaining agreement and evaluating the practices and procedures relating to familiarization.

Plaintiffs provide no authority for the proposition that the court has jurisdiction to determine the validity of a collective bargaining agreement when the terms of the agreement must be interpreted, and the court has found none. Thus, plaintiffs have failed to establish that the court's ruling was clear error. Because the collective bargaining agreement must be interpreted before its validity can be established—and the civil conspiracy claim can be determined—the court lacks jurisdiction over plaintiffs' civil conspiracy claim. Plaintiffs' request is denied.

### 2. *Plaintiffs' Partial Motion for Summary Judgment*

As the court explained in its August 20, 2007 Memorandum and Order (Doc 48), the court

cannot find the 2002 Agreement invalid as a matter of law on the record before it. Plaintiffs have not (1) argued that there has been a change in law; (2) presented new evidence relevant to their motion for partial summary judgment and declaratory judgment; or (3) established the need to correct clear error or prevent manifest injustice. Accordingly, plaintiffs' motion for reconsideration of the order is denied.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Reconsideration with Memorandum of Law (Doc. 52) is denied.

Dated this 26th day of August 2008, at Kansas City, Kansas.

           **s/ Carlos Murguia**
           **CARLOS MURGUIA**
           **United States District Judge**