IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TERRY D. SMITH, TIMMY C. FUCHS, ) <br> DARWIN D. MOORE, ) <br> RONALD L. WALLS, MICHAEL O. TOCI, ) <br> SHAWN E. DENT and ) <br> other similarly situated individuals, ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> v. ) <br>  ) <br>  ) <br> BNSF RAILWAY COMPANY and ) <br> UNITED TRANSPORTATION UNION, ) <br>  ) <br> Defendants. ) <br>  ) | CIVIL ACTION <br><br> No. 06-2534-CM |

MEMORANDUM AND ORDER

Plaintiffs, employees of defendant BNSF Railway Company ("BNSF"), bring this putative collective action, alleging that defendant BNSF violated the Fair Labor Standards Act ("FLSA"). Plaintiffs also seek a declaratory judgment regarding the validity of an agreement between defendant BNSF and defendant United Transportation Union ("defendant UTU") ("2002 Agreement"). This matter is currently before the court on defendant United Transportation Union's motion to dismiss (Doc. 58).

I.     Factual Background

Plaintiffs allege that the 2002 Agreement is invalid because it deprives plaintiffs of wages due under the FLSA for familiarization trips.[1] The 2002 Agreement provides that employees exercising seniority within a Grand Seniority District would be

---

[1] "Familiarization" is the process where trainmen make runs with crews currently working out of a terminal to become familiar with the different conditions of each run or job.

> entitled to brakeman's wages when required to make familiarization trips, but employees exercising seniority into a Grand Seniority District, or from one Grand Seniority District to another Grand Seniority District would not be entitled to such compensation for making familiarization trips.

(Pls.' Compl. at ¶ 47.)  Plaintiffs request that the court declare the 2002 Agreement invalid.

## II.       Legal Standards

Defendant brings its motion pursuant to Fed. R. Civ. P. 12(b)(2), lack of personal jurisdiction, and 12(b)(6), failure to state a claim upon which relief can be granted.  When considering defendant's motion, "[a]ll well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."  *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).  The court construes any reasonable inferences from these facts in favor of the plaintiff.  *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006); *Dudnikov*, 514 F.3d at 1070.

This court will grant a Rule 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face . . . or when an issue of law is dispositive ."  *Meyer v. Christie*, No. 07-2230-JWL, 2007 WL 3120695, at *4 (D. Kan. Oct. 24, 2007) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007); *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)). While the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions, and a formulaic recitation of the elements of a cause of action."  *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008).  The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable.  *Id.*  The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*,

457 U.S. 800 (1982).

The plaintiff bears the burden of establishing personal jurisdiction, and at this stage of the litigation, need only make a prima facie showing.  *Dudnikov*, 514 F.3d at 1069–70.  Dismissal under Fed. R. Civ. P. 12(b)(2) is only appropriate when the plaintiff cannot establish personal jurisdiction.

**III.        Analysis**

Plaintiffs seek a judgment declaring that the 2002 Agreement between defendant BNSF and defendant UTU is void as a matter of law and public policy, contending the agreement "bargained away plaintiffs' rights for compensation for work performed in the duty of his employer pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq."  (Compl. ¶¶ 65–69.)  Defendant UTU argues that it cannot be sued for declaratory judgment based solely on a violation of the FLSA because a union, acting as a union, is not within the FLSA's jurisdiction.

Declaratory judgment is statutory in nature and has its foundation in 28 U.S.C. § 2201. Section 2201 provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  Although "there are no special provisions detailing parties needed for a just adjudication in declaratory actions," the court applies the general principles of joinder under Rule 19.  *State Farm Mut. Auto. Ins. Co. v. Mid-Continent Cas. Co.*, 518 F.2d 292, 294 (10th Cir. 1975).  Under Rule 19(a), "a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if[,] in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a).  Defendant UTU has been served with process, but the court must consider whether is has subject-matter jurisdiction over the declaratory judgment claim against defendant UTU.  The Declaratory Judgment Act is procedural in nature and does not confer

-3-

subject-matter jurisdiction upon federal courts. *See Cardtoons v. Major League Baseball Ass'n*, 95 F.3d 959, 964 (10th Cir. 1996). Plaintiff must allege some independent basis of federal subject-matter jurisdiction. *Id.*

Plaintiff alleges jurisdiction under 29 U.S.C. § 1331, federal question. Federal question jurisdiction exists in a declaratory judgment action if the potential suit would arise under federal law. *Cf. id.* at 964–65 (evaluating federal question jurisdiction where the plaintiff's declaratory judgment claim alleged a defense to an anticipated action by the declaratory judgment defendant). The federal question in plaintiffs' declaratory judgment claim is whether defendants' agreement violates the FLSA. Thus, the potential suit would arise under the FLSA. The court must evaluate the adequacy of the potential federal claim under the same standard it would use to evaluate federal question jurisdiction if that claim were actually before it. *Id.* at 965.

Defendant UTU argues the FLSA only provides for remedies against an employer, not a union. When defining "employer," the FLSA excludes unions, unless the union is acting as an employer. 29 U.S.C. § 203(d). The parties agree that defendant UTU is not acting as an employer in this instance and that it cannot be sued under the FLSA. Because plaintiffs could not have brought a claim under the FLSA—the statute providing federal question jurisdiction—as part of a well-pleaded complaint against defendant UTU, the court does not have federal question jurisdiction over this declaratory judgment action. Accordingly, the court must dismiss the claim against defendant UTU.

**IT IS THEREFORE ORDERED** that defendant UTU's motion to dismiss (Doc. 58) is granted.

Dated this 26th day of August 2008, at Kansas City, Kansas.

                                           **s/ Carlos Murguia**
                                           **CARLOS MURGUIA**
                                           **United States District Judge**