IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TERRY D. SMITH, TIMMY C. FUCHS, )<br>DARWIN D. MOORE, )<br>RONALD L. WALLS, MICHAEL O. TOCI, )<br>SHAWN E. DENT and )<br>other similarly situated individuals, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>BNSF RAILWAY COMPANY and )<br>UNITED TRANSPORTATION UNION, )<br>)<br>Defendants. )<br>_____) | CIVIL ACTION<br><br>No. 06-2534-CM |

**MEMORANDUM AND ORDER**

Plaintiffs, employees of defendant BNSF Railway Company ("BNSF"), bring this putative collective action against defendants for violations of the Fair Labor Standards Act ("FLSA"). This matter is before the court on Defendants' Motion for Partial Summary Judgment on Measure of Available Damages (Doc. 67) and BNSF's Motion to Issue Correction to Notice Issued to Putative Plaintiffs and Request For Expedited Consideration (Doc. 92).

**I.     Summary Judgment**

    **A.     Factual Background**

The court has set out the facts of this case in its prior orders and will not repeat them here. The fact material to defendants' motion is uncontested—the named plaintiffs, BNSF employees represented by the United Transportation Union, claim that BNSF violated the FLSA by not

compensating them for time spent on "familiarization trips"[1] required for trainmen who transfer from one Grand Seniority District[2] to another.

### B. Standards for Judgment

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

### C. Discussion

BNSF moves for partial summary judgment to establish that (i) under the FLSA, plaintiffs may recover only the statutory minimum wage and an equal amount as liquidated damages—not the contractual wage set forth in the collective bargaining agreement, and (ii) the court lacks jurisdiction over a claim for contractual wages, because the Railway Labor Act, 45 U.S.C § 151 et seq., would preempt such a claim. Correctly, plaintiffs concede that the FLSA only provides for recovery of the prevailing minimum wage. *See DeLeon-Granados v. Eller & Sons Trees, Inc.*, 497 F.3d 1214, 1219 (11th Cir. 2007) (recognizing workers were entitled to recover only the minimum wage rate under the FLSA); *Foster v. Angels Outreach*, No. 2:06cv980-ID, 2007 WL 4468717, at *3 (M.D. Ala. Dec.

---

[1] "Familiarization" is the process where trainmen make runs with crews currently working out of a terminal to become familiar with the different conditions of each run or job.

[2] A Grand Seniority District is a geographic area that once defined where a trainman could work. There are various Grand Seniority Districts, including the Northern, Southern, Eastern, Western, and Coastline Districts.

17, 2007) ("Section 216(b) contains no provision for the recovery of unpaid wages which exceed the minimum wage.") Accordingly, the court finds that plaintiffs may recover only the statutory minimum wage and appropriate liquidated damages under the FLSA.

Defendants' arguments regarding preemption are premature. Although plaintiffs stated they would file a motion to amend to bring additional claims by October 8, 2008, they have not done so. Because there are no claims regarding contractual wages before the court, the court will not consider whether those hypothetical claims will be preempted by the Railway Labor Act or what type of damages may be recovered under the claims.

**II.     Correction of Notice**

The notice provides the following information regarding damages:

> This is an action against BNSF and UTU to declare that the failure to pay wages was a violation of federal law and to recover damages from BNSF for its alleged violation of 29 U.S.C. §§ 206 & 216, to deprive plaintiffs of their rights under the Fair Labor Standards Act (FLSA) by requiring plaintiffs to perform services for BNSF and refusing to pay plaintiffs for same.

When the court approved the notice, it denied defendants' request that the notice specifically state the damages available to plaintiffs under the FLSA. At that time, the parties disputed the type of recovery available under plaintiffs' FLSA claims. In light of the above ruling, defendants request that the court reconsider its prior ruling and order a correction to the notice that specifically sets forth the damages recoverable under the FLSA—the statutory minimum wage and liquidated damages. Defendants have provided no authority for the proposition that the notice must specifically set out the damages; and the court has found none. Furthermore, as written, the notice correctly summarizes the case—plaintiffs are seeking to recover damages for violations under the FLSA. The court therefore declines to issues a corrective notice. Defendants' motion is denied.

-4-

**IT IS THEREFORE ORDERED** that Defendants' Motion for Partial Summary Judgment on Measure of Available Damages (Doc. 67) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that BNSF's Motion to Issue Correction to Notice Issued to Putative Plaintiffs and Request For Expedited Consideration (Doc. 92) is denied.

Dated this 30th day of October 2008, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**