# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TERRY D. SMITH, TIMMY C. FUCHS,** ) <br> **DARWIN D. MOORE,** ) <br> **RONALD L. WALLS, MICHAEL O. TOCI,** ) <br> **SHAWN E. DENT and** ) <br> **other similarly situated individuals,** ) <br>  ) <br> **Plaintiffs,** ) <br>  ) <br> **v.** ) <br>  ) <br>  ) <br> **BNSF RAILWAY COMPANY and** ) <br> **UNITED TRANSPORTATION UNION,** ) <br>  ) <br> **Defendants.** ) <br>  ) | **CIVIL ACTION** <br><br> **No. 06-2534-CM** |

## MEMORANDUM AND ORDER

Plaintiffs, employees of defendant BNSF, bring this putative collective action, alleging that defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay plaintiffs for hours they worked while performing "familiarization trips" that BNSF requires for trainmen who transfer from one Grand Seniority District to another. This matter is before the court on Defendant [BNSF]'s Motion to Dismiss and Brief in Support (Doc. 163), which requests that the court dismiss certain opt-in plaintiffs for failing to respond to discovery requests. For the following reasons, defendant's motion is denied.

Eighty-eight plaintiffs have opted-in to this collective action. In June 2009, defendant BNSF served discovery requests—interrogatories and requests for production of documents and things—on the opt-in plaintiffs. By August 2009, only 51 of the opt-in plaintiffs had responded to defendant BNSF's discovery requests, four of which were incomplete. On October 21, 2009, the court ordered 53 opt-in plaintiffs to serve completed discovery responses by November 9, 2009. Forty-seven opt-in

plaintiffs failed to comply with the court's order and have not provided complete responses to defendant BNSF's discovery requests.[1]

Pursuant to Rule 37, this court has a broad choice of remedies and penalties through which it may compel compliance with federal discovery procedures. In addition to an order compelling answers, the court may impose sanctions on uncooperative litigants including dismissal of some or all of plaintiffs' claims. *See* Fed. R. Civ. P. 37(b)(2)(A)(v); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980). Such sanctions are also authorized based on this court's inherent authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers*, 501 U.S. at 43 (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)). When considering dismissal as a sanction, this court evaluates the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (citation omitted); *see also Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–21 (10th Cir. 1992).

The non-responsive plaintiffs have not addressed why they should not be dismissed for failure to respond under these factors. They have merely made a conclusory statement that defendant cannot

---

[1] Defendant BNSF has identified the following non-responsive opt-in plaintiffs: Mark C. Allen; Jason Alvarez; Adam D. Ashmore; Anthony C. Bivona, Jr.; Thomas A. Bolton; Adam L. Buckley; Sam Carlyle, Jr.; Gilbert Casarez; Eva Cervantes; Mike Decker; Alan Duran; Steven L. Erickson; Herb L. Factory; James H. Felts; James B. Floyd; Brian H. Fransen; John D. Garside; Donald Godfrey; Douglas Gormann; Mitch L. Haight; Todd Henderson; Justin E. Hoot; Thomas J. Huntoon; Thomas King; Josh Lankford; Bobby McCadney; D.W. Middleton; Carolyn Miller; Wayne Newton; Kyonni Olawumi; Jerry W. Oliver; Alberto A. Otero, Jr.; PK Patel; Brett D. Ridgway; Ernest L. Ritchie; Marques Ross; Mark Schlachter; Joshua Sink; Nicolas M. Smith; Brian D. Steffen; John Stevenson; Braden Thornton; Ralph Tolbert; Willie Torres; Derrick Webster; John Arnold; and Jay Pierce.

demonstrate the factors support dismissal. Upon review of these factors, the court finds that dismissal as a sanction is inappropriate at this stage of the proceeding. Individual discovery responses are not always necessary in FLSA actions and, here, plaintiffs were not expressly put on notice that failure to respond to the discovery requests would result in a dismissal of their claims. Thus, the court will not dismiss this case as a sanction at this time.

The court will consider defendant's request that the court order the non-responsive plaintiffs to appear for deposition in Overland Park, Kansas. Although the parties argue the relevancy of defendant BNSF's interrogatories, the court has already ordered plaintiffs to respond to the discovery requests (Doc. 162). Thus, the issue before the court is whether plaintiffs should be ordered to appear for depositions for failure to follow this court's order.

Plaintiffs argue that the requested depositions are unnecessary because the depositions that have already been taken by defendant have not revealed new or additional information—the depositions merely confirm information contained in the deposed plaintiffs' declarations and interrogatory answers. But plaintiffs ignore the fact that the non-responsive plaintiffs have not submitted answers to defendant's interrogatories. Thus, depositions would provide defendant with new information—information that should have been provided pursuant to the court's October 21, 2009 Order Granting Defendant's Unopposed Motion to Compel Discovery Responses (Doc. 162). The non-responsive plaintiffs have not provided the court with good reason for failing to participate in discovery and follow this court's orders. The court does, however, recognize that "one of the particular benefits of FLSA collective actions is the 'efficient resolution' of the matter." *Geer v. Challenge Fin. Investors Corp.*, No. 05-1109-JTM, 2007 WL 1341774, *3 (D. Kan. May 4, 2007). Conducting depositions of the non-responsive plaintiffs would be costly and time-consuming. It would be more efficient for plaintiffs to respond to the written discovery requests, as ordered by the court.

The opt-in plaintiffs are reminded that they chose to actively participate in this action when they filed their Consent to Become Party Plaintiff. Before joining this lawsuit, plaintiffs were put on notice that by becoming a plaintiff they may be "asked to 1) appear for a deposition where you live or in Kansas City, Kansas; 2) respond to written requests for information about your employment with BNSF; and/or 3) appear or testify at trial in Kansas City, Kansas." (Notice, Doc. 66.) After reviewing the record and the parties' arguments, the court will not order the non-responsive plaintiffs to appear for deposition at this time. The non-responsive plaintiffs shall respond to defendant's written discovery request no later than May 21, 2010. If they fail to respond to the discovery request, the court may order them to appear for deposition at defendant BNSF's convenience upon further motion by defendant BNSF requesting that any non-responsive plaintiffs appear for a deposition in Overland Park, Kansas. Plaintiffs are further put on notice that if they fail to appear for deposition, the court may dismiss their claims without further notice.

**IT IS THEREFORE ORDERED** that Defendant [BNSF]'s Motion to Dismiss and Brief in Support (Doc. 163) is denied.

**IT IS FURTHER ORDERED** that the non-responsive plaintiffs shall respond to defendant's written discovery request no later than May 21, 2010.

Dated this 20th day of April at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**