**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| TERRY D. SMITH, TIMMY C. FUCHS, )<br>DARWIN D. MOORE, )<br>RONALD L. WALLS, MICHAEL O. TOCI, )<br>SHAWN E. DENT and )<br>other similarly situated individuals, )<br>)<br>Plaintiffs, )<br>) <br>v. )<br>)<br>)<br>BNSF RAILWAY COMPANY and )<br>UNITED TRANSPORTATION UNION, )<br>)<br>Defendants. )<br>) | CIVIL ACTION<br><br>No. 06-2534-CM |

**MEMORANDUM AND ORDER**

Plaintiffs, employees of defendant BNSF Railway Company ("BNSF"), bring this putative collective action against defendant BNSF and defendant United Transportation Union ("UTU"). Plaintiffs allege that defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay plaintiffs for hours they worked while performing familiarization trips that BNSF requires for trainmen who transfer from one Grand Seniority District to another. This matter is before the court on Plaintiffs' Renewed Motion for Partial Summary Judgment or, In the Alternative, Motion for Declaratory Judgment (Doc. 165). Plaintiffs' motion addresses the sole issue of the validity of defendants' Paid Familiarization Agreement. For the following reasons, plaintiffs' motion is denied.

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom

in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

On June 17, 2002, defendant BNSF and defendant UTU entered into a Paid Familiarization Agreement ("Agreement") regarding familiarization trips that BNSF requires for trainmen who transfer from one Grand Seniority District to another. The Agreement provides:

> employees exercising seniority within a Grand Seniority District would be entitled to brakeman's wages when required to make familiarization trips, but employees exercising seniority into a Grand Seniority District, or from one Grand Seniority District to another Grand Seniority District would not be entitled to such compensation for making familiarization trips.

Plaintiffs seek summary judgment or a declaratory judgment on the sole issue of the validity of the Agreement. Plaintiffs argue that the Agreement is void or unenforceable as a matter of law because under the agreement, trainmen who transfer across Grand Seniority Districts boundaries do not receive compensation for familiarization while trainmen exercising their seniority within Grand Seniority District boundaries received brakemen wages for familiarization.

Plaintiffs' argument hinges on whether familiarization is compensable work per se. Plaintiffs argue that familiarization is compensable work under the FLSA because it is not training under the Department of Labor Regulations, 29 C.F.R. § 785.10 *et. seq.* Under the Regulations, attendance at training programs and similar activities are not counted as working time, and thus not compensable, if the following four criteria are met:

(a) Attendance is outside of the employee's regular working hours;

(b) Attendance is in fact voluntary;

(c) The course, lecture, or meeting is not directly related to the employee's job; and

(d) The employee does not perform any productive work during such attendance.

29 C.F.R. § 785.27. Whether an employee performs productive work during familiarization is in dispute. Plaintiff asserts that it is per se work. Defendant argues that it did not consider familiarization to be compensable work. Discovery is ongoing and the parties are still determining what activities employees performed during the familiarization trips. A ruling on the issue at this stage would be premature. The way the Agreement was implemented or used by defendant may violate the FLSA—if the Agreement was used to deny plaintiffs compensation; however, based on the record before it, the court cannot find that the Agreement is invalid as a matter of law. Plaintiffs' motion is denied without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiffs' Renewed Motion for Partial Summary Judgment or, In the Alternative, Motion for Declaratory Judgment (Doc. 165) is denied.

Dated this 20th day of April at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**