## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TERRY D. SMITH, TIMMY C. FUCHS,       )
DARWIN D. MOORE,                       )
RONALD L. WALLS, MICHAEL O. TOCI,     )
SHAWN E. DENT and                      )
other similarly situated individuals,  )
                                       )
        Plaintiffs,                 )
                                       )   CIVIL ACTION
v.                                     )
                                       )   No. 06-2534-CM
                                       )
BNSF RAILWAY COMPANY and               )
UNITED TRANSPORTATION UNION,           )
                                       )
        Defendants.                 )
                                       )

### MEMORANDUM AND ORDER

Plaintiffs, employees of defendant BNSF Railway Company ("BNSF"), bring this putative collective action, alleging that defendants violated the Fair Labor Standards Act by failing to pay plaintiffs for hours they worked while performing "familiarization trips" that BNSF requires for trainmen who transfer from one Grand Seniority District to another.

This matter is before the court on Defendant BNSF's Unopposed Motion to Dismiss and Brief in Support (Doc. 194). Defendant BNSF requests that the court dismiss with prejudice certain plaintiffs as a sanction for their failure to (1) timely respond to BNSF's discovery requests; (2) comply with the court's October 21, 2009 Order Granting Defendant's Unopposed Motion to Compel Discovery Responses; and (3) comply with the court's April 20, 2010 Memorandum and Order. Plaintiffs do not oppose this motion. For the following reasons, the court takes defendants' motion under advisement and makes other orders as set out below.

In June 2009, defendant BNSF served discovery requests on plaintiffs. Since that time, the court has twice ordered the following Non-Responding Opt-In Plaintiffs to provide BNSF with sufficient responses to the discovery requests:

> Mark C. Allen, Jason Alvarez, Adam D. Ashmore, Gilbert Casarez, Eva Cervantes, Mike Decker, Alan Duran, Steven L. Erickson, Herb L. Factory, James H. Felts, James B. Floyd, Brian H. Fransen, John D. Garside, Donald Godfrey, Douglas Gormann, Mitch L. Haight, Todd Henderson, Justin E. Hoot, Thomas King, Josh Lankford, D.W. Middleton, Carolyn Miller, Wayne Newton, Kyonni Olawumi, Jerry W. Oliver, PK Patel, Brett D. Ridgway, Ernest L. Ritchie, Marques Ross, Mark Schlachter, Joshua Sink, Nicolas M. Smith, Brian D. Steffen, Braden Thornton, Ralph Tolbert, Willie Torres, Derrick Webster, John Arnold, and Jay Pierce.

On August 11, 2010, the court granted BNSF's motion to compel the depositions of the Non-Responding Opt-In Plaintiffs. (Doc. 192.) The court ordered, the Non-Responding Opt-In Plaintiffs to appear for deposition no later than October 11, 2010 in Overland Park, Kansas.[1] In its Order, the court warned the Non-Responding Opt-In Plaintiffs that "if they do not appear for a deposition in Overland Park, Kansas, then the court may dismiss their claims without further notice." (*Id*., at 4.)

When arranging for the depositions, plaintiffs' counsel stated that none of the Non-Responding Opt-In Plaintiffs live in or near Overland Park, Kansas. He further stated that, despite his best efforts to communicate with the Non-Responding Opt-In Plaintiffs, he has received little if any response from them during the pendency of this action. Because the Non-Responding Opt-In Plaintiffs have failed to provide written responses to the discovery requests, plaintiffs' counsel believes that none of the Non-Responding Opt-In Plaintiffs will travel at their own expense to Overland Park, Kansas for deposition.

The parties seek to avoid the expense and burden of preparing for and travelling to attend thirty-nine depositions in which the deponents, in all likelihood, will not appear. Thus, defendant BNSF filed this motion, and plaintiffs' counsel does not oppose the motion.

---

[1] The court extended the deadline in light of this motion. (Doc. 195.)

Pursuant to Rule 37, this court has a broad choice of remedies and penalties through which it may compel compliance with federal discovery procedures. In addition to an order compelling answers, the court may impose sanctions on uncooperative litigants including dismissal of some or all of plaintiffs' claims. *See* Fed. R. Civ. P. 37(b)(2)(A)(v); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980). Such sanctions are also authorized based on this court's inherent authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers*, 501 U.S. at 43 (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)). When considering dismissal as a sanction, this court evaluates the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (citation omitted); *see also Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–21 (10th Cir. 1992) (affirming a district court's imposition of an order dismissing the plaintiff's complaint with prejudice as a sanction under Rule 37).

Upon review of these factors, the court finds that dismissal as a sanction is appropriate. The Non-Responding Opt-In Plaintiffs' failure to respond to the discovery requests or comply with the court's orders has, and continues to, significantly prejudice BNSF's ability to defend itself and has created unnecessary delay in the adjudication of this action. Further, these plaintiffs chose to participate in this action when they filed their Consent to Become Party Plaintiff. There is no reason to believe that lesser sanctions would have any effect on them. Despite multiple opportunities to respond and warnings that their case may be dismissed, these plaintiffs have chosen not to participate in the litigation. They have been represented by counsel at all relevant times; there is no reason to believe

that they are unaware of the seriousness of their failure to comply with applicable Rules and the court's orders. Even their counsel does not expect them to participate, and he does not oppose this motion.

Nevertheless, because courts generally prefer to evaluate claims on their merits, the court will permit the Non-Responding Opt-In Plaintiffs seven (7) days from the date of this order within which to file a notice to the court that they will participate in this litigation and appear for deposition as ordered by the court. *See, e.g., Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1273 (10th Cir. 2001) (noting the court's preference for resolving claims on the merits). The court therefore takes defendants' pending motion to dismiss under advisement. If a Non-Responding Opt-In Plaintiff files a notice with the court, the court will review it and promptly issue a ruling. Any Non-Responding Opt-In Plaintiff that does not file a notice with the court within seven (7) days from the date of this order will be dismissed from this action with prejudice without further notice.

The court finds that this is the proper course of action to ensure that the parties are not prejudiced.

**IT IS THEREFORE ORDERED** that Defendant BNSF's Unopposed Motion to Dismiss and Brief in Support (Doc. 194) is taken under advisement.

**IT IS FURTHER ORDERED** that plaintiffs Mark C. Allen, Jason Alvarez, Adam D. Ashmore, Gilbert Casarez, Eva Cervantes, Mike Decker, Alan Duran, Steven L. Erickson, Herb L. Factory, James H. Felts, James B. Floyd, Brian H. Fransen, John D. Garside, Donald Godfrey, Douglas Gormann, Mitch L. Haight, Todd Henderson, Justin E. Hoot, Thomas King, Josh Lankford, D.W. Middleton, Carolyn Miller, Wayne Newton, Kyonni Olawumi, Jerry W. Oliver, PK Patel, Brett D. Ridgway, Ernest L. Ritchie, Marques Ross, Mark Schlachter, Joshua Sink, Nicolas M. Smith, Brian D. Steffen, Braden Thornton, Ralph Tolbert, Willie Torres, Derrick Webster, John Arnold, and Jay Pierce

have seven (7) days from the date of this order within which to file a notice to the court that they will participate in this litigation and appear for deposition as ordered by the court.

**IT IS FURTHER ORDERED** that if a Non-Responding Opt-In Plaintiff files a notice with the court, the court will review it and promptly issue a ruling.  **Any Non-Responding Opt-In Plaintiff that does not file a notice with the court within seven (7) days from the date of this order will be dismissed with prejudice from this action without further notice.**

Dated this 22nd day of September, 2010 at Kansas City, Kansas.

s/ Carlos Murguia  
**CARLOS MURGUIA**  
**United States District Judge**